RENDERED:  AUGUST 1, 2025; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2024-CA-1273-MR

DENNIS M. ESPINOZA                                              APPELLANT

APPEAL FROM JEFFERSON CIRCUIT COURT
v.            HONORABLE TRACY E. DAVIS, JUDGE
ACTION NO. 21-CI-400388

STOCK YARDS BANK & TRUST
COMPANY                                                         APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  COMBS, A. JONES, AND KAREM, JUDGES.

COMBS, JUDGE:  Dennis Espinoza appeals a summary judgment of the Jefferson

Circuit Court entered in favor of Stock Yards Bank & Trust Company.  Espinoza

contends that the trial court erred by concluding that the bank was entitled to

judgment as a matter of law with respect to its claim against him for conversion of

proceeds realized from the sale of its collateral.  After our review, we affirm.

On March 4 and March 5, 2020, Stock Yards loaned Square E, LLC, an Illinois limited liability company, a total of 2.5 million dollars. Dennis Espinoza, an Illinois resident, is the sole member and manager of Square E. Espinoza made it clear to the bank that he did not intend to incur any personal liability with respect to the loans. In conjunction with the transactions, Espinoza executed loan agreements, promissory notes, and commercial security agreements as "Manager of Square E, LLC."

Under the terms of the security agreements, Square E granted the bank security interests in its inventory; accounts; equipment and software; records; and all proceeds relating to the sale or other disposition of any of this property. There is no suggestion that the bank failed to file financing statements in accordance with the requirements of the Uniform Commercial Code. To further secure the bank's loans to Square E, Espinoza and his wife, Rosemary, mortgaged certain real property in Decatur, Illinois.

Square E defaulted on the loan agreements. According to Dennis Espinoza, "we started closing Square E down and getting the inventory out of there . . . in . . . June or something of '20." To liquidate the inventory, Square E entered into an agreement with Atlantic Semiconductor (Atlantic) in June 2020 whereby Atlantic agreed to sell components from Square E's inventory on a commission basis. Atlantic's checks remitting the proceeds were made payable to Espinoza

personally and were marked "C/O Square E, P.O. Box 161, Forsyth Il 62535." As payee, Espinoza endorsed the checks and deposited them into a newly opened regular savings account in his name at Hickory Point Bank in Decatur, Illinois. The account was designated "C/O Square E, Dennis M Espinoza, 270 Hundley RD., Forsyth IL 62535" (Espinoza's home address) in vertical alignment. It is undisputed that Espinoza, personally, withdrew more than $90,000 from the Decatur savings account. In November 2021, per the court's order, Atlantic began remitting its payments into court.

In July 2021, pursuant to choice-of-venue and choice-of-law provisions in the parties' agreements, the bank filed a civil action against Square E, Dennis Espinoza, and Rosemary Espinoza in Jefferson Circuit Court. The bank sought to enforce the terms of the promissory notes, security agreements, and mortgage. It also sought a judgment holding Dennis Espinoza personally liable for repayment of a portion of the indebtedness. The bank alleged that Square E defaulted on its obligations and, as a result, the bank's right to repayment of the debt had been accelerated. It explained that Square E liquidated some of the property securing the loans and made some payment toward the outstanding loan balance with part of the proceeds. The bank alleged that Dennis Espinoza had taken possession of other property in which it had an interest and had converted the property to his own use in a manner inconsistent with the bank's rights and

interests in it. It alleged that Dennis Espinoza was personally liable for the value of the converted collateral. Square E and the Espinozas answered the complaint and denied the substantive allegations against them.

In September 2021, the bank filed a motion for partial summary judgment. The circuit court granted that motion and awarded judgment against Square E for nearly $800,000.00. Counts 3 and 4 of the complaint relating to the mortgage executed by the Espinozas were dismissed on the basis that the court lacked jurisdiction to adjudicate them, and Rosemary Espinoza was dismissed as a party. Although the claim against Dennis Espinoza had not yet been decided, the judgment was made final and appealable pursuant to the provisions of our civil rules. No party appealed the judgment.

In June 2024, the bank filed a motion for summary judgment with respect to its claim of conversion against Espinoza. The bank explained that at his deposition, Espinoza stated that he personally made withdrawals from the Decatur savings account, which was funded exclusively by the Atlantic deposits following its liquidation of Square E's component-parts inventory. Espinoza specifically admitted in his deposition that the components "probably were assets of Square E, which would've been part [of the bank's collateral]" and that he omitted any reference to the Atlantic proceeds in his response to the bank's discovery requests for an accounting of its collateral. Espinoza stated that he used the funds to pay

-4-

legal expenses incurred after Square E defaulted on the terms of the loan agreements. The bank argued that upon Square E's default, it was immediately entitled to its collateral and that Espinoza's possession and subsequent use of the proceeds of the sale of that collateral was tortious as a matter of law.

In response, Espinoza contended that the bank could not show that "[he,] individually, as opposed to the corporate Defendant, Square E, LLC, took possession of and transferred the funds at issue for his personal use and benefit." Consequently, the bank was not entitled to summary judgment.

The circuit court concluded that the bank was entitled to judgment as a matter of law because there was no genuine issue of material fact concerning Espinoza's conversion of the property in which the bank held a valid security interest. It observed as follows:

> It is undisputed that [the bank's] security agreements encompassed the collateral and proceeds therefrom sold by Square E through Atlantic, and that [the bank] and not Square E was entitled to those proceeds pursuant to the [security agreements].

Espinoza argued that sums from the savings account had been used to fund legitimate business expenses -- the costs of the litigation commenced by the bank against him, his wife, and Square E. However, the court concluded that the purposes to which the withdrawn funds had been put was irrelevant. It observed that "Square E was not entitled to the proceeds in the first instance under the [terms

of the security agreements.]" Consequently, Espinoza was held personally liable to the bank for the amounts he had withdrawn from his savings account. This appeal followed.

On appeal, Espinoza argues that the circuit court erred by concluding that the bank was entitled to judgment as a matter of law. He contends that there remain disputed issues of material fact as to whether he exercised dominion and control over the disputed funds and that the bank presented no evidence to counter his testimony that he used those funds to cover legal fees.

The standard of review governing an appeal of a summary judgment is well settled. We must determine whether the trial court erred when it concluded that there was no genuine issue as to any material fact and that the moving party was entitled to a judgment as a matter of law. *See Kentucky Highlands Inv. Corporation v. Bank of Corbin, Inc.*, 217 S.W.3d 851, 853-54 (Ky. App. 2006). Factual findings are not at issue in this case, and we do not defer to the conclusions of the trial court. Since we are dealing solely with matters of law, our review is *de novo. See Lewis v. B & R Corp.*, 56 S.W.3d 432, 436 (Ky. App. 2001).

Conversion is the wrongful exercise of dominion and control over property of another. *Illinois Central R. Co. v. Fontaine*, 217 Ky. 211, 289 S.W. 263 (1926). The measure of damages in a conversion action is the value of the property at the time of conversion. *Nolin Prod. Credit v. Canmer Deposit Bank*,

726 S.W.2d 693 (Ky. App. 1986). Neither motive, intent, nor good faith is material to the action. *Urban v. Lansing's Adm'r*, 238 Ky. 218, 39 S.W.2d 219 (1931). An action for conversion may be prosecuted against the transferee of collateral who has actual knowledge of the lien. *Ranier v. Gilford*, 688 S.W.2d 753 (Ky. App. 1985); *State Auto. Mut. Ins. Co. v. Chrysler Credit Corp.*, 792 S.W.2d 626, 627-28 (Ky. App. 1990).

Because this controversy involves the bank's collateral, provisions of our Uniform Commercial Code, KRS[1] Chapter 355, are also relevant. The Uniform Commercial Code provides, in part, that a security interest continues in collateral and its identifiable proceeds. KRS 355.9-315. The bank's interest in Square E's inventory followed the proceeds delivered to Espinoza in the form of Atlantic's checks. Consequently, the bank has standing to assert a cause of action for conversion against Espinoza.

There is no question in this case but that Espinoza, **personally**, exercised dominion and control over the disputed property to the exclusion of the bank, which had a right to possess it. Atlantic's checks were made to Dennis Espinoza, and he, **personally**, negotiated them -- not as manager of Square E. While each instrument bears the notation: "c/o Square E, P.O. Box 161, Forsyth, IL 62535," there is no indication that the checks were payable to Square E in any

---

[1] Kentucky Revised Statutes.

fashion. Having checks made payable to Espinoza -- *c/o Square E* -- ensured that Square E could not negotiate them. Hickory Point Bank would have insisted that the instruments be endorsed by Espinoza. Furthermore, each and every cashier's check drawn on the account at Hickory Point Bank named Espinoza, personally, as remitter. Espinoza alone was able to control disposition of the funds, depriving the bank of access to the proceeds of its collateral.

Under these circumstances, the trial court did not err by concluding that Espinoza's acts constituted conversion. What Espinoza did with the proceeds following the conversion is immaterial where it is undisputed that he: failed to advise the bank of their existence when required to make an accounting; diverted the funds so that the bank lost its ability to access them; and made an affirmative decision not to use them to pay down the loan balance. Consequently, the bank was entitled to judgment as a matter of law.

We affirm the judgment of the Jefferson Circuit Court.


ALL CONCUR.

BRIEFS FOR APPELLANT:                    BRIEF FOR APPELLEE:

Liz Mosler                               Matthew R. Lindblom
Louisville, Kentucky                     Louisville, Kentucky

Scott P. Zoppoth                         Laura B. Grubbs
Louisville, Kentucky                     Louisville, Kentucky